IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Dwayne Rankin, #4764, ) | Case No.: 4:21-1711-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Debra O. Jackson, Edward Sieban, ) | |
| Investigator Seegars, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff William Dwayne Rankin, #4764 ("Plaintiff"), proceeding *pro se and in forma pauperis*, seeks damages based on First, Fifth, Eighth, and Fourteenth Amendment violations alleging Defendant Sieban committed perjury to secure an arrest warrant without evidence/probable cause, that Defendant Seegars maliciously entrapped Plaintiff and pressured Plaintiff into giving a false statement, and Defendant Jackson (collectively "Defendants"), a magistrate court judge, had a conflict of interest because Plaintiff had problems with the court before this incident.

Plaintiff filed a Complaint against Defendants on June 9, 2021. (DE 1.) Plaintiff's Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989).

On June 15, 2021, Plaintiff was informed via court order of deficiencies in his Complaint that would subject his Complaint to summary dismissal and was given an opportunity to file an Amended Complaint. (DE 6.) Plaintiff availed himself of the opportunity and filed an Amended Complaint (DE 9); however, Plaintiff's deficiencies remain.

On July 7, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's Complaint be dismissed with prejudice and without issuance and service of process because Plaintiff has had an opportunity to amend and file an Amended Complaint, but has failed to cure the deficiencies. (DE 14.) The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that Plaintiff's Complaint is dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 5, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.